UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

| | |
|---|---|
| PAUL HACKER, | Case No. 9:17-cv-80043 |
| PLAINTIFF | |
| | COMPLAINT FOR DAMAGES |
| v. | 15 U.S.C. § 1692, et seq. |
| | Fla. Stat. § 559.55, et seq. |
| MEDIA COLLECTIONS, INC. | |
| DEFENDANT | **JURY TRIAL REQUESTED** |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1. Plaintiff PAUL HACKER, through his attorney, brings this action to challenge the actions of Defendant MEDIA COLLECTIONS, INC., for unlawful conduct in connection with debt collection activity.

2. The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff. "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* at § 1692(a)

3. After the U.S. Congress passed the FDCPA, the Florida state legislature decided it wanted to go even further to protect its citizens from the rampant abuses perpetrated by debt collectors. To this end, the Florida state legislature passed the Florida Consumer Collections Practices Act, Fla. Stat. §§ 559.55-

559.785 ("FCCPA").  The FCCPA was designed to protect consumers from harassment like the type described within this complaint, and to protect consumers like Plaintiff.  "In the event of any inconsistency between any provision of this part and any provision of the federal act, the provision which is more protective of the consumer or debtor shall prevail."  *Id.* at § 559.552.

4.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

5.  This action partially arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012), and the Florida Consumer Collections Practices Act (FCCPA), over which the U.S. District Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

6. Because Defendant conducts business in the State of Florida by repeatedly contacting Florida residents while attempting to collect upon consumer debts, personal jurisdiction is established.

7. Because all tortious conduct occurred while Plaintiff resided in the City of Boca Raton, County of Palm Beach, and witnesses are located within such location, venue properly lies with this court.

## PARTIES AND DEFINITIONS

8.  Plaintiff is a natural person.

9.  Defendant is a "debt collector" as such term is described by the FDCPA 15 U.S.C. § 1692a(6) and the FCCPA Fla. Stat. § 559.55(7) because Defendant used instrumentalities of interstate commerce within this state, the principal purpose of which is the collection of debts.  Additionally or alternatively,

Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

10. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5) and the FCCPA Fla. Stat. § 559.55(6) because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

11. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) and the FCCPA Fla. Stat. § 559.55(8) because he was allegedly obligated to pay a debt.

12. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

13. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

14. In May, 2015, Plaintiff rented a car from Hertz. In August, 2015, Plaintiff returned the car to Hertz.

15. Approximately one week after returning the car, Hertz contacted Plaintiff and claimed that the car sustained approximately $2,000 worth of damages and demanded that Plaintiff pay Hertz for those alleged damages.

16. Plaintiff requested proof of the damages from Hertz. Hertz sent Plaintiff pictures of a car obviously different from the car Plaintiff rented and returned. As such, Plaintiff refused Hertz's demand to pay any damages.

17. At some point thereafter, Hertz sent the alleged debt for the alleged damages to collections.

18. On May 16, 2016, Defendant sent Plaintiff its first dunning letter in an attempt to collect upon the alleged debt.  Since then, Defendant has sent Plaintiff multiple additional communications in an attempt to collect on the alleged debt.

## **FIRST CLAIM FOR RELIEF**

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

19. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

20. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has falsely represented the character, amount, or legal status of a debt, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692e(2)(A).

21. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, Defendant has used unfair and unconscionable means to collect or attempt to collect a debt, including the collection of an amount not expressly authorized by an agreement creating the debt or permitted by law, and has engaged in illegal practices under the FDCPA, 15 U.S.C. § 1692f(1).

22. The FDCPA provides for actual damages sustained as a result of violation of the statute, 15 U.S.C. § 1692k(a)(1).

23. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

24. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

25. 15 U.S.C. § 1692k(a)(1) entitles Plaintiff to actual damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

26. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692, et seq., and Plaintiff is so entitled.

27. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide;

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

## SECOND CLAIM FOR RELIEF

**Violation of the FCCPA, Fla. Stat. § 559.55, et seq.**

28. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-18, as if fully set forth herein.

29. By contacting Plaintiff for the purposes of collecting upon an alleged debt that Plaintiff does not actually owe in the manner alleged by Defendant, despite Plaintiff's insistence that Plaintiff does not owe the alleged debt, Defendant claimed or attempted to enforce a debt when Defendant knows the debt is not legitimate, in violation of the FCCPA, Fla. Stat. § 559.72(9).

30. The FCCPA provides for actual damages for violation of the statute, Fla. Stat. § 559.77(2).

31. The FCCPA provides for statutory damages of $1,000.00 for violation of the statute, Fla. Stat. § 559.77(2).

32. The FCCPA provides for reasonable attorney's fees and costs in any successful action, Fla. Stat. § 559.77(2).

33. The FCCPA provides for a court to impose punitive damages and such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part, Fla. Stat. § 559.77(2).

34. Fla. Stat. § 559.77(2) entitles Plaintiff to actual damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

35. Fla. Stat. § 559.77(2) entitles Plaintiff to $1,000.00 in statutory damages for Defendant's violations of the FCCPA, Fla. Stat. § 559.72, et seq., and Plaintiff is so entitled.

36. Fla. Stat. § 559.77(2) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Actual damages in the maximum amount the court deems proper and may provide.

(b) Statutory damages in the amount of $1,000.00;

(c) Reasonable attorney's fees and costs;

(d) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

Respectfully submitted this 13th day of January, 2017,

By Plaintiff's attorney: /s/ Nicholas Michael Murado_____

Nicholas Michael Murado

Florida Bar # 102769

Murado Law, P.A.

2010 S.W. 99th Avenue

Miramar, Florida, 33025

Telephone: 754-816-2196

E-mail: muradolaw@gmail.com